# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] JESSE J. AREVALOS,<br><br>                    Plaintiff,<br><br>vs.<br><br>[1] STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)  Case No. 2016-CV-_617-R_-<br>)<br>)  Removed from the District<br>)  Court of Canadian County;<br>)  Case No. CJ-16-174<br>) |

## NOTICE OF REMOVAL

**COMES NOW** the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), and hereby removes this action from the District Court of Canadian County, Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states as follows:

**I.    BACKGROUND OF CASE AND FOUNDATION FOR REMOVAL.**

1.    On April 7, 2016, Plaintiff filed his Petition in the District Court of Canadian County, Oklahoma, captioned: *Jesse J. Arevalos vs. State Farm Mutal*(sic) *Automobile Insurance Company,* Case No. CJ-2016-174.

2.    Pursuant to LCvR81.2(a), copies of the Petition, Summons, and Plaintiff's First Set of Interrogatories and Requests for Production of Documents[1] to Defendant Liberty Mutual Fire Insurance Company(*sic*), served upon State

---

[1] Pursuant to LCvR81.2(c), this discovery is considered void. Defendant will participate in discovery in accordance with the applicable Fed.R.Civ.P. and the Local Court Rules (Civil) for the Western District of Oklahoma.

Farm through the Insurance Commissioner of the State of Oklahoma on May 18, 2016 are attached hereto as Exhibits 1, 2, and 3; as well as the Canadian County Docket Sheet, attached hereto as Exhibit 4. No other pleadings, process, or orders have been served on the Defendants.

3. Pursuant to LCvR3.1, this Notice of Removal is accompanied by a Civil Cover Sheet, Form JS-44, attached hereto as Exhibit 5.

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is among citizens of different states and in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court because this action is pending in the District Court of Canadian County, Oklahoma. *See* 28 U.S.C. § 1441(a)

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

6. There is a complete diversity of citizenship among the parties:

   (a) <u>Plaintiff</u>. Jesse J. Arevalos is a resident of Canadian County, Oklahoma. (*See* Petition, ¶1, Exh. 1).

   (b) <u>Defendant</u>. State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do business in the State of Oklahoma. Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS THE AMOUNT REQUIRED FOR DIVERSITY JURISDICTION.

7. Plaintiff's Petition alleges that on or about March 27, 2014, he was involved in a motor vehicle accident with an underinsured motorist. (*See* Petition, ¶5, Exh. 1).

8. Plaintiff further alleges that he was insured by 3 policies of insurance issued by State Farm that provided underinsured motorist coverage; that he complied with all terms and conditions; and that State Farm failed to pay Plaintiff's claims, constituting breach of contract (*See* Petition, ¶¶ 5, 8, 12, and 13, Exh. 1)

9. Plaintiff further alleges that State Farm violated its duty of good faith and fair dealing by unreasonably and in bad faith refusing to evaluate and pay Plaintiff the proper amount for a valid claim; failing to perform a proper investigation; failing to evaluate the results of its investigation properly, when it had no reasonable basis to delay payment of the claim; and negligently supervising Plaintiff's loss. (*See* Petition, ¶¶ 17-20, Exh. 1).

10. Plaintiff asserts that as a result of Defendant's acts or omissions, he suffered actual monetary damages and has also suffered inconvenience, physical discomfort, loss of peace of mind and security, emotional distress, worry, anguish and financial distress, and will therefore seek judgement against State Farm as follows:

    (A)    For medical bills;
    (B)    For compensatory damages;
    (C)    For punitive damages;

  (D) For lost wages;

  (E) For pre judgment and post judgment interest;

  (F) For reasonable attorney fees;

  (G) Costs of suit;

  (H) Pain and suffering;

  (I) For such other relief as this Court may deem just and proper;

  (J) Other damages to be set forth after discovery; all of which are less than the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

(*See* Petition, Prayer for Relief, Exh. 1).

  11. Diversity jurisdiction requires the removing party to demonstrate the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332. In the present case, the Plaintiff has requested that he be awarded damages in an amount less than the amount required for diversity jurisdiction. (See Petition, Prayer for Relief, Exh. 1).

  Courts have determined that a Plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court jurisdiction only to receive an award in excess of the federal amount in controversy requirement." *Morgan vs. Gay*, 471 F.3d 469, 477 (3d Cir. 2006). If a Plaintiff asserts his damages are less than those required for diversity jurisdiction, removal is proper if the Defendant can demonstrate Plaintiff's recovery could exceed the amount required for diversity. See *Coco-Cola Bottling of Emporia, Inc. vs. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002).

Here, the amount in controversy could more likely than not exceed $75,000.00, exclusive of interest and costs. Plaintiff, in pre-suit negotiations, sought damages in excess of $300,000.00. Therefore, Plaintiff has asserted that his damages are much greater than the amount required for diversity jurisdiction. (Exh. 6, May 27, 2015 demand letter).

12. Defendant denies the allegations in Plaintiff's Petition. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the Petition, demonstrate an amount in controversy in excess of $75,000.00. By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, nor does it waive any defenses related to proper service of the Petition.

## IV. CONCLUSION.

13. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b).

14. Defendant certifies it will promptly give written notice of the filing of this Notice of Removal to all known counsel of record, and will likewise file a copy of this Notice of Removal with the District Court of Canadian County, Oklahoma.

15. Given the complete diversity of the parties and an amount in controversy in excess of $75,000.00, this Court has jurisdiction over this cause of action and the claims asserted pursuant to 28 U.S.C. § 1332, and this action is properly removable pursuant to 28 U.S.C. § 1441.

**WHEREFORE** the Defendant, State Farm Mutual Automobile Insurance Company hereby removes this matter from the District Court of Canadian County, Oklahoma to the United States District Court for the Western District of Oklahoma.

s/ *F. Thomas Cordell*
F. Thomas Cordell, OBA #1912
Timothy J. Prentice, OBA #22689
FRAILEY, CHAFFIN, CORDELL, PERRYMAN & STERKEL LLP
**Attorneys for Defendant**
201 North 4th Street
P.O. Box 533
Chickasha, OK 73023
Telephone:  (405) 224-0237
Facsimile:   (405) 222-2319
Email:         tcordell@fccpsm.com
                    prentice@fccpsm.com

## CERTIFICATE OF SERVICE

☑   I hereby certify that on the 7th day of June, 2016, I filed the above and foregoing document with the Clerk of Court and served the attached document by Email on the following:

Andrew D. Schwartz
WEST YLLA GOSNEY
8 S.W. 89th Street, Suite 200
Oklahoma City, OK 73139
Email: dschwartz@wyglawfirm.com
**Attorney for Plaintiff**

s/ *F. Thomas Cordell*
F. Thomas Cordell

6

I further certify that a copy of the above and foregoing document was attached to a Notice of Filing Notice of Removal and was mailed for filing, via U.S. Mail, on the 8th day of June, 2016 to:

Marie Ramsey-Hirst, Court Clerk
CANADIAN COUNTY
301 N. Choctaw St.
P.O. Box 730
El Reno, Oklahoma 73036

s/ F. Thomas Cordell
F. Thomas Cordell

7